Exceptions to the Answer of Joseph F- Eastman   Filed in open Court   May 25, 1829

In chancery, *Between. Eleanor Eastman by her Guardian Catharine M^cNiff and others — complainants and Joseph F Eastman and Thomas Rowland defendants.*

Exception taken by the complainant to the Answer of Joseph F. Eastman one of the defendants, to the said Complainants bill of Complaint.—

482

1ˢᵗ Exeption.  For that the said Joseph hath not answered And set forth, according to the best of his knowledge and belief, whether the said Jonathan, in pursuance of any previous agreement to that effect, at any time granted to the said Joseph an absolute deed of conveyance of all his real estate as mentioned in said bill, and whether the same was, or was not given for any Consideration whatever; nor has he set forth the object of the granting of the same—

2ⁿᵈ Exception.  For that the said Joseph hath not answered and set forth, whether he, the said Joseph, did thereupon make and execute to the said Jonathan, a deed of defeasance, or bond, or some other instrument of writing, explanatory or declaratory of the Trust created by the abosolute conveyance above mentioned, by the said Jonathan to the said Joseph, or the conditions, provisions and stipulations, or the binding effect, or efficacy of such deed, bond or instrument — nor has he set forth and shewn, who is Now in possession thereof—

3ʳᵈ Exception.  For that the said Joseph hath not answered and set forth, whether he was not barely a Trustee of all the Estate alledged in said bill to have been conveyed to him the said Jonathan, and should be Considered solely, as his security in the event of his being damnified by reason of his being security for said Jonathan, as in said bill mentioned, and whether it was not agreed between the said Jonathan and the said Joseph, that the former should continue the possession and controul of said real estate, and receive the rents and profits thereof,— And whether the said Jonathan did not in fact continue to do so ——

4ᵗʰ Exception   For that the said Joseph hath not answered And set forth, whether the said Jonathan did not afterwards sell to the said Thomas Rowland, some part of the said real Estate, as mentioned in said bill, and what was the consideration thereof, and how secured  what amount was paid of the purchase money, and what amount remained due, and whether it was agreed that the said Jonathan, should receive from the said Rowland part of the purchase money, together with the interest; and whether he did not recieve the same.——

5ᵗʰ Exception.  For that the said Joseph hath not answered and set forth, whether the said Rowland, did not in conformity with the agreement in said bill mentioned between the said Jonathan and the said Joseph, make And execute the several bonds and a certain mortgage in said bill mentioned to the said Joseph, and the Consideration he gave therefor, if any,— nor has he set forth the nature of the Trust, created thereby, or the Extent, or lien he has thereon ——

6ᵗʰ Exception.  For that the said Joseph hath not answered and set forth, the situation of Mrs Eleanor Eastman, by whom supported, or whether any provision was made by the said Jonathan Eastman for her support; and whether she is not solely dependant on her relations.

7ᵗʰ Exception.  For that the said Joseph hath not answered And set forth, how, or in what manner he is damnified, by reason of his securityship aforesaid, or the sum he has already paid, or agreed to pay to French, and that he has not set forth the value of the estate conveyed to him in Trust as aforesaid—— In all which particulars the said complainants humbly insist, the said defendant's answer is altogether Evasive, imperfect and insufficient; wherefore the said Complainants do except thereto, and humbly pray that the said defendant may be Compelled to put in a full and a sufficient answer to the said bill of Complaint ——

ALEXᴿ D. FRASER
Solr for Compᵗˢ